WILSON G. HAMMOND *vs.* ALEXANDER B. PINKHAM
& another.

Suffolk.   March 13, 1889. — June 18, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Exceptions — Insolvent Debtor — Assignment in Trust for Creditors — Release.*

An assignment by an insolvent debtor to a trustee for the benefit of creditors, and
signed by them, containing no covenant by the creditors, nor agreement by
them, express or implied, to release or discharge, or to receive anything in
satisfaction of their debts, was *held* no bar to an action by such a creditor to
recover the amount of his debt above a dividend received by him from the
trustee.

CONTRACT against Alexander B. Pinkham and Cornelius A.
Russell, doing business under the name of Pinkham and Russell,
on two promissory notes, dated March 22, 1886, and April 28,
1886, payable to the order of the plaintiff sixty and ninety days
after date respectively, and signed " Pinkham and Russell."

At the trial in the Superior Court, without a jury, before
*Sherman,* J., the plaintiff introduced the notes in evidence, and
rested.   The defendants thereupon introduced in evidence a
written instrument, signed by the defendants and the plaintiff,
and by Otis Eddy and others, which recited the transfer of all
the property of the defendants, as party of the first part, to
Eddy, as party of the second part, in trust, to dispose of the pro-
ceeds of the said property in the manner following, viz.:

" First.   To pay all such debts as by the laws of the United
States or of this Commonwealth are entitled to a preference in
such cases, including claims of persons who have valid liens or
other security.

" Second.   To pay the costs and charges of these presents, and
the expenses of executing the trusts declared in these presents.

" Third.   To distribute and pay the remainder of the said pro-
ceeds to and among all the parties of the third part, ratably, in
proportion to their respective debts; and if there should be any
surplus after paying all the parties of the third part in full, then
in trust.

" Fourth. To pay over such surplus to the party of the first part, his executors, administrators, or assigns.

" And the party of the first part hereby constitutes and appoints the party of the second part their attorney irrevocable, with power of substitution, authorizing him in the name of the party of the first part, or otherwise, as the case may require, to do any and all acts, matters, and things to carry into effect the true intent and meaning of these presents which the party of the first part might do if personally present. And the party of the second part, hereby accepting these trusts, covenants to and with each of the other parties hereto to execute the same faithfully. And the party of the first part hereby covenants with the said trustee, from time to time, and at all times when requested, to give him all the information in his power respecting the assigned property, and to execute and deliver all such instruments of further assurance as the party of the second part shall be advised by counsel learned in the law to be necessary."

The defendants then introduced evidence, that, at about the date of the above instrument, a meeting of their creditors was called, at which a statement of the financial condition of the firm of Pinkham and Russell, which was insolvent, was made; that they proposed by the above instrument to transfer and convey all their property to Eddy, in trust for the benefit of their creditors; that they did not wish to go into insolvency, but were willing to complete the execution of the instrument, and deliver all their property to the trustee, if the creditors would accept the same in full satisfaction and discharge of their debts; that the defendants' counsel stated that by signing such instrument the creditors would discharge and release the defendants from their liability to them; that a question arose as to the amount and validity of certain liens on the defendants' property, and a committee was appointed to submit such question of the validity of these liens to a third person; that Eddy and a number of the creditors, including the plaintiff, then and there signed the instrument; that at an adjourned meeting of such creditors the committee reported that the liens were valid, and the clause " including claims of persons having valid liens or other security " was without objection inserted by interlineation in the instrument; that the plaintiff was present at both meet-

ings, neither note having then matured; and that the defendants' counsel stated at the adjourned meeting, that, if the above instrument was signed, it was a discharge of all claims, whatever dividend the estate might pay.

There was evidence that the plaintiff had received ten per cent of the amount of his claim by a check of the trustee, dated August 4, 1886; but there was no evidence that the plaintiff made any statement in relation to such payment by the trustee, and the plaintiff denied that he ever heard the defendants' counsel state, that, by signing the instrument, he was to release the defendants from his claim; and he gave further evidence tending to prove that he had never released them, nor agreed so to do.

The defendants asked the judge to rule: " 1. that it could be shown by parol that the consideration for the assignment to Eddy was the discharge of the indebtedness of the various creditors, notwithstanding the consideration expressed in the deed; 2. that the absence of any covenants in the instrument, on the part of the creditors, created an ambiguity in the instrument, which could be explained by parol evidence; 3. that, by a proper construction of the deed, the plaintiff agreed to receive a *pro rata* share of his claim in payment or accord and satisfaction of the whole; 4. that by signing this instrument the plaintiff is estopped from denying that he assented to such discharge, settlement, and accord and satisfaction; 5. that the receipt by the plaintiff from the trustee of a percentage of his claim, a *pro rata* share, without comment or protest, was evidence of accord and satisfaction of the claim; 6. that, upon all the evidence in the case, judgment ought to be given for the defendants."

The judge declined so to rule, and ruled as follows: " It is competent for the defendants to prove, if they can, that the plaintiff, in consideration of the assignment to Eddy, agreed by parol to receive a *pro rata* share of his claim in payment or in accord and satisfaction of the whole, and the evidence of what was done and said at the meetings when he was present, and the circumstances under which he received a percentage of his claim, are all competent evidence bearing upon that question."

.The judge found as facts that the plaintiff by his conduct consented to the interlineation referred to in the assignment, and that the plaintiff did not agree by parol to release the defendants

from the payment of his claim in full; and ruled that, as matter of law, the plaintiff had not released his claim in writing by signing the above instrument.

The judge found for the plaintiff for the amount of the notes less the amount of the dividend received from Eddy; and the defendants alleged exceptions.

*L. M. Child*, for the defendants.

*S. D. Charles & W. B. Owen*, for the plaintiff, were not called upon.

W. ALLEN, J.   The instrument is plain and unambiguous, and contains no covenant on the part of the creditors of these defendants, and no agreement by them, express or implied, to release or discharge their debts, or to receive anything in satisfaction of them.   The rulings prayed for by the defendants were properly refused, and the ruling that the plaintiff did not release his claim by signing the indenture was correct.

The defendants cannot except to the ruling of the court that it was competent for them to prove that the plaintiff agreed by parol to receive his share under the indenture in satisfaction of his debt, nor to the finding as a fact, on the evidence, that he did not so agree.                          *Exceptions overruled.*